**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41740
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FRANCISCO RAMIREZ-ENCISO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-771-2

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Ramirez-Enciso (Ramirez) appeals from his judgment of conviction for possession with the intent to distribute in excess of five kilograms of cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(A). Ramirez argues that the evidence was insufficient to prove that he actually or constructively possessed the cocaine found in the secret compartment in the vehicle in which he was a passenger.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will affirm Ramirez's conviction if, viewing the evidence in the light most favorable to the Government, "a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." United States v. Romero-Cruz, 201 F.3d 374, 378 (5th Cir. 2000)(internal quotation and citation omitted). The evidence introduced at trial supports the inference that Ramirez had knowledge of and access to the contraband. See United States v. Mergerson, 4 F.3d 337, 348-49 (5th Cir. 1993); see also United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990).

Ramirez argues that the district court erred in admitting FED. R. CRIM. P. 404(b) evidence. With respect to the testimony as to events in April 2003, such testimony was "intrinsic" evidence and does "not implicate Rule 404(b), and consideration of its admissibility pursuant to Rule 404(b) is unnecessary." See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996) (internal quotations and citation omitted). With respect to events in 2000, the district court did not abuse its discretion in admitting the testimony because the evidence was admissible on the issues of Ramirez's knowledge and intent. See e.g., United States v. Osum, 943 F.2d 1394, 1404 (5th Cir. 1991); United States v. Elwood, 999 F.2d 814, 815-16 & n.3 (5th Cir. 1993). This evidence was more probative than prejudicial. See United States v. Harris, 932 F.2d 1529, 1534 (5th. Cir. 1991).

Ramirez argues that the district court's admission of Diego Salas-Castillo's testimony violated his right to confront and cross-examine the witnesses against him. Because Ramirez has failed to identify on appeal, by citation to the trial transcript or otherwise, the specific testimony he seeks to challenge, he has waived the issue by failing to adequately brief it on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Ramirez argues that the district court abused its discretion in denying his motion for a mistrial based on the Government's elicitation at trial of testimony of his post-arrest silence. It is a violation of a defendant's due process rights for the Government to comment on a defendant's postarrest, post-Miranda warning silence. See Doyle v. Ohio, 426 U.S. 610, 617, 619 (1976). The record does not establish that the Government exploited Ramirez's silence after inducing that silence by advising him of his right to remain silent. See Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997).

**AFFIRMED.**